UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROSE PATEK, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil No. 17-10181 LTS |
| BRIAN REED, | | |
| Defendant. | | |

ORDER ON MOTION FOR SUMMARY JUDGMENT

April 3, 2018

SOROKIN, J.

On February 20, 2018, the Court scheduled this case for a bench trial commencing on April 9, 2018 at 9:00 a.m. Doc. No. 37. At no time since that date has any party filed an objection to the Court's Order or sought a continuance of the trial. The Court established a deadline of April 2, 2018 for the filing of trial briefs. Id. On April 3, 2018 (one day late without leave), both parties filed their trial briefs. Doc. Nos. 42; 43. In addition, Patek filed a Motion for Summary Judgment. Doc. No. 44. Nowhere in the Motion does she: advance a basis for filing such a motion on the eve of trial; seek a continuance of the trial date in order to permit resolution of the Motion for Summary Judgment; or seek expedited briefing and resolution of the Motion. See generally id. Having reviewed the Motion papers as well as the case, the Court DENIES the Motion for Summary Judgment. It is untimely at this point in the case, there is no good cause for filing the motion late, and there is no basis for expedited briefing.[1]

---

[1] Though unnecessary to the Court's ruling, the Motion fails on the merits as the central issue in the case, whether the parties entered into a binding oral modification of the division of profits,

The Court reminds the parties that the **bench trial commences on Monday April 9, 2018 at 9:00 a.m**. The Court will break for lunch each day and hear evidence all morning and, if necessary, in the afternoons on both April 9 and 10, i.e. until 5:00 p.m. The Final Pretrial Conference remains April 5, 2018 at 2:30 p.m.

The Court Order scheduling this case for trial required that the "Parties shall prepare and file no later than **April 2, 2018, a Joint Pretrial Memorandum**" setting forth various matters such as factual stipulations, factual disputes and the identification of each witness with a description of the purpose of the anticipated testimony of each witness. Doc. No. 37 at 2-3 (emphasis in original). The parties did not make that filing. The trial briefs filed by the parties (also required under the Order) do not provide the information required by the Joint Pretrial Memorandum. **Accordingly, the Court ORDERS that the Parties file the Joint Pretrial Memorandum by close of business Wednesday April 4, 2018.** If no such conforming filing is made, the Court will consider appropriate sanctions up to and including dismissal of the parties' affirmative claims for failure to prosecute.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

presents, even under Patek's argument, a factual question. Moreover, that Patek would prefer the resolution of that issue now on a legal standard in which the Court draws all reasonable inferences <u>against</u> her rather than next week when the Court will resolve the same issue after making neutral factual findings raises a concern that Patek has filed the motion for purposes of delay.